UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIARRA SLAKA,

    Petitioner,

v.                                               Case No. 2:17-cv-62
                                               HON. JANET T. NEFF

JEFF SESSIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Diarra Slaka, also known as Siaka Diarra, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 for his release from the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE). Petitioner, a citizen of the Ivory Coast, entered the United States illegally on or about July 29, 2016. Petitioner was detained by ICE upon his entry into the United States and is currently housed at the Chippewa County Jail.

On September 14, 2016, an immigration judge issued an order directing ICE to remove Petitioner to the Ivory Coast. The Ivorian Consulate requires an individual requesting travel documents to provide one national identification document. ICE is in possession of Petitioner's driver's license from the Ivory Coast and is working with the Ivorian Consulate to obtain a national identification document for Petitioner.

Petitioner maintains that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the presumptively reasonable period during which the ICE may detain aliens in order to

effectuate their removal. Petitioner claims that his continued detention is unlawful and that he is entitled to release from custody pursuant to § 2241. An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). The law provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 28 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. 28 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations prescribed by the Attorney General. 28 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 28 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. *Id.*, 533 U.S. at 684. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Finally, the Court held that not every alien must be released after six months, and that an alien may be confined until it

has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2004), the Sixth Circuit held that removable aliens may be detained for a time reasonably required to complete removal proceedings in a timely manner. *Id.* at 268. Should the process take an unreasonably long time, the detainee may seek relief in habeas proceedings. *Id.;Habtegaber v. Jennifer*, 256 F. Supp. 2d 692, 696 (E.D. Mich. 2003). The post-order custody of deportable aliens such as Petitioner is reviewed under the procedures set forth at 8 C.F.R. §§ 241.4 and 241.13. The court notes that § 241.13 establishes procedures to determine whether there is a significant likelihood that an alien will be removed from the United States in the foreseeable future.

Respondent contends that Petitioner has not met his burden of showing that there is no significant likelihood of his removal from the United States within the foreseeable future. As noted by Respondent, the aliens in *Zadvydas* could not be deported because one was from Cambodia, a country with which the United States has no repatriation agreement, and the other was born in a refugee camp, so was not a citizen of any country. *Id.* at 684, 686.

Petitioner argues that he is being unlawfully detained in violation of his due process and federal rights. However, Petitioner has set forth no factual reason that his removal is unlikely in the foreseeable future. It well established that mere bureaucratic delay in the detainee's home country in processing the request for a travel document is insufficient to show that there is no significant likelihood of removal. *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366-67 (N.D. Ga. 2002); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1137-38 (S.D. Cal. 2001).

3

It is Petitioner's initial burden to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, at 701. Petitioner has the burden of providing this court with a good reason to believe that no such likelihood of his removal exists. *Id.* Once Petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

Petitioner has not provided the court with any evidence that could support a "good reason to believe" that his removal is unlikely in the reasonable foreseeable future. Petitioner's sole reason for his habeas request is that his detention had continued for over six months at the time he submitted his Petition. Here, unlike in *Zadvydas* there exists no institutional barrier to Petitioner's removal. This is not the situation presented in *Zadvydas* which involved two aliens with criminal records and the potential of permanent confinement. Neither of the aliens in *Zadvydas* could be repatriated to their native countries.

Petitioner has presented no evidence that could support a conclusion that his removal is unlikely in the reasonably foreseeable future. Instead, the government has established that Petitioner's removal is likely in the foreseeable future. There are no institutional barriers to removal. ICE has successfully removed aliens to the Ivory Coast in the past and there exists no reason to believe that Petitioner will not be removed. In the opinion of the undersigned, Petitioner has failed to show any violation of his rights. In fact, ICE has shown that Petitioner's removal is likely in the foreseeable future.

Accordingly, it is recommended that the Petition for writ of habeas corpus be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  August 22, 2017          */s/ Timothy P. Greeley*
                                 TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE